United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANGELA PRADO, ET AL.,** | **Case No.: 4:22-cv-05023-YGR** |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER** |
| v. | |
| **FUNPLUS INTERNATIONAL AG, A SWISS PUBLIC LIMITED COMPANY, AND KINGSGROUP HOLDINGS, A CAYMAN ISLANDS CORPORATION,** | DKT. NO. 106 |
| Defendants. | |
| **YOVANNI YANEZ, ET AL.,** | **Case No.: 4:23-cv-02667-YGR** |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER** |
| v. | |
| **FUNPLUS INTERNATIONAL AG, A SWISS PUBLIC LIMITED COMPANY, AND KINGSGROUP HOLDINGS, A CAYMAN ISLANDS CORPORATION,** | Dkt. No. 80 |
| Defendants. | |
| **LOREN KELLY,** | **Case No.: 4:23-cv-04122-YGR** |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER** |
| v. | |
| **FUNPLUS INTERNATIONAL AG, A SWISS PUBLIC LIMITED COMPANY, AND KINGSGROUP HOLDINGS, A CAYMAN ISLANDS CORPORATION,** | Dkt. No. 71 |
| Defendants. | |

Defendants have filed a motion for relief from a nondispositive pretrial order. (Case No. 22-5023, Dkt. No. 106.)[1] Defendants challenge a January 26 nondispositive order (the "Order") denying defendants' request that jurisdictional discovery proceed under the Hague Convention from Magistrate Judge Cisneros. The Court having considered the motion and the papers and pleadings in support thereof, **DENIES** defendants' motion for relief.

## I. LEGAL STANDARD

In federal court, a motion for relief from a nondispositive order should only be granted when the moving party establishes that the nondispositive order by the magistrate judge is clearly erroneous or contrary to law. Fed. R. Civ. P. 72; *see Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir.1991) ("the magistrate's decision on a nondispositive issue will be reviewed by the district judge under the clearly erroneous standard"); *Barnes & Noble, Inc. v. LSI Corp.*, No. C–11–2709-EMC, 2013 WL 841334, at *1 (N.D. Cal. Mar. 6, 2013) (same). "In finding that the magistrate judge's decision is 'clearly erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been committed." *Barnes & Noble*, 2013 WL 841334 at *1 (internal citations and quotations omitted). This standard of review is "extremely deferential" (*id.*), conserves judicial resources, and discourages litigants from having multiple bites at the proverbial apple.

## II. DISCUSSION

Defendants argue that Magistrate Judge Cisneros's Order applied the correct test, but did so incorrectly. (Dkt. No. 106 at 2.) The Order applied the five-factor test under *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522 (1987) ("*Aerospatiale*"), as well as the additional factor of hardship to the producing party. It determined that four out of the five factors weigh against following the Hague Convention, and that there is not a legitimate risk of hardship to defendants. (Dkt. No. 102 at 7.) Notably, Magistrate Judge Cisneros took a systematic approach when assessing each factor in the context of plaintiffs' requests, and found that several of plaintiffs' requests for production and interrogatories were overbroad. She

---

[1] For simplicity, all citations in this order will refer to Case No. 22-5023 unless otherwise specified.

ordered many of them narrowed to comply with this Court's order granting leave for jurisdictional discovery. (Dkt. No. 102 at 5-6.) With that narrowed scope, she analyzed the *Aerospatiale* factors and concluded that four out of the five *Aerospatiale* factors weigh against following the Hague Convention. She also held that defendants did not demonstrate that following the Federal Rules of Civil Procedure introduces a legitimate risk of hardship. (*See id.* at 7-10.)

Defendants now take a broad approach in their request for relief, challenging the Order in its entirety. To the first and second factors, defendants argue that the nondispositive order's findings are clearly erroneous because plaintiffs' discovery requests are too broad and go too far back in time because the games at issue did not exist during some of the ordered discovery period. (Dkt. No. 106 at 2-3.) They ignore the order's analysis, however, finding that "a general jurisdiction inquiry should consider all of a defendant's contacts with the forum state prior to the filing of the lawsuit, rather than just those contacts that are related to the particular cause of action the plaintiff asserts." (Dkt. No. 102 at 5 (citing *Delphix Corp. v. Embarcadero Techs., Inc.,* 749 F. App'x 502, 505-06 (9th Cir. 2018)).) Defendants provide no contrary authority. Moreover, defendants do not substantively respond to the Order's narrowing of plaintiffs' requests and interrogatories (*See* Dkt. No. 102 at 5-6), which directly addresses defendants' overbreadth argument. Therefore, the Court finds no clear error.

To the third and fourth factors, defendants argue that the Hague convention is a practical alternative to the Federal Rules of Civil Procedure because the Court's deadlines are "artificial." (Dkt. No. 106 at 4.) They admit in their expert's declaration that obtaining discovery in China "usually takes 6 to 12 months." (Dkt. No. 99-4 ¶ 14.) Such a timeframe would significantly delay this case. Further, this timeframe renders the Hague Convention an insufficient alternative. (*See* Dkt. 106 at 6 (citing *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, No. 19-cv-07123, 2023 WL 7726411, at *5 (N.D. Cal. Nov. 15, 2023); *see In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944, 2014 WL 5462496, at *5 (N.D. Cal. Oct. 23, 2014)).) The Court finds no clear error here as well.

To the fifth factor, defendants argue that the Order's holding that the discovery requests are limited enough so as not to implicate China or Switzerland's policies or interests, is incorrect

because plaintiff's requests are broad. The Order addresses this argument, however, by giving defendants what they want and narrowing the scope of plaintiffs' requests to apply only to California activities. (*See* Dkt. No. 102 at 5-6.) Therefore, defendants fail to isolate any clear error.

Finally, regarding hardship, defendants argue that the Order ignores their claims that producing discovery puts them at risk.[2] (Dkt. No. 106 at 4-5.) They argue, citing their experts' declaration regarding Swiss law, that "liability cannot be avoided by consenting to provide the requested evidence." They make a similar argument regarding China, stating that all evidence collection in China needs to be conducted through the Hague Convention. (*Id.* at 5.) For their Swiss law claim, defendants cite their expert's interpretation of the law, but ignore the Order's analysis. Magistrate Judge Cisneros cites multiple cases agreeing that Article 271(1) does not preclude voluntary production of documents, and that "voluntary" is defined broadly to include discovery with only procedural, and not criminal consequences, which is the type at issue here. (Dkt. No. 102 at 7-8 (collecting cases).) Similarly, courts have held that production similar to that at issue here "would not run afoul of Article 273." (*Id.* (citing *United States v. Vetco Inc.*, 691 F.2d 1281, 1289 (9th Cir. 1981); *Belparts Grp., N.V. v. Belimo Automation AG,* No. 21-cv-00334, 2022 WL 1223018, at *5 (D. Conn. Apr. 26, 2022)).) Defendants provide no countervailing authority that would indicate clear error.

Similarly, Magistrate Judge Cisneros cites several cases to support the ruling that China's laws do not prohibit agents in China from collecting the responsive evidence to respond to discovery requests, as plaintiffs request here. (Dkt. No. 102 at 9-10.) Defendants cite no countervailing authority, and only their expert's seemingly novel interpretation, even after the Order noted defendants failed to provide "any evidence that parties have been prosecuted for responding to discovery pursuant to the FRCP." (*Id.* at 10.)[3]

---

[2] Defendants make a substantially similar argument under the fifth factor analysis. The Court addresses them both here.

[3] The Court notes defendants' objection to the Order's directive to meet and confer to schedule necessary depositions. The Court notes defendants' authority suggesting that witnesses cannot be lawfully compelled to testify abroad in at least some circumstances. (*See* Dkt. 106 at 5 n.3.) Because deponents have not yet been ordered to testify abroad, this issue is not yet ripe, and the Court does not reach this question.

4

Consequently, defendants have failed to articulate any clear error in the Order. Their motion for relief is **DENIED.**

This terminates Docket No. 106.

**IT IS SO ORDERED**.

Date: February 14, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**